UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-558-H

LINDA GRAVES                                                                                    PLAINTIFF

V.

STANDARD INSURANCE CO.                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Linda Graves and Standard Insurance Company disagree over whether this case should be in federal court, mostly because they disagree over when Standard had sufficient information to require removal under 28 U.S.C. § 1446. Graves, a Kentuckian, filed Kentucky state law claims against Standard—a corporation incorporated in Oregon with its principal place of business in Portland, Oregon—in Jefferson Circuit Court. The case proceeded for several months before Standard removed to this Court on diversity jurisdiction. Standard argues that earlier removal was not required because it was not yet clear that the necessary jurisdictional amount was met. Graves argues that Standard waited too long to remove and therefore seeks remand to state court.

For the reasons that follow, the Court concludes that Standard did not have sufficient information that would require removal within thirty (30) days of the initial complaint.

I.

The facts are straightforward. Linda Graves had a long term disability insurance policy with Standard. While covered under the policy, she became disabled and entitled to monthly benefits. A former school bus driver, the 51 year-old Graves' disability was due to neck pain, back pain, and cervical fusion surgery. At first, Standard approved her claim and paid her

disability insurance benefits for the next twenty-four months. After this twenty-four month period, the definition of "disability" in her policy became more stringent, and Standard refused to continue paying her monthly disability income, believing she did not qualify as "disabled" under the more rigid standard.

Four months later, Graves sued for her missing disability benefits, which at that point were worth less than $6,800. She sought damages for (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) statutory bad faith; (4) violation of Kentucky's consumer protection act; and (5) unjust enrichment. She also sought punitive damages. Initially, Standard did not remove her complaint to federal court. Thinking that her case was worth less than $6,800—the amount of benefits payments she alleged Standard owed her—Standard believed the case was not removable because it fell short of the federal jurisdictional minimum.

Instead, the two parties litigated at length in state court. Motions were filed and briefed; discovery proceeded. After over five months of litigation—and after Graves responded to an interrogatory saying she valued her claim at $883,000 or more—Standard removed to federal court. Graves opposes removal and desires remand to state court. Not only does she assert that Standard's removal was untimely, she also argues that Standard has forfeited its right to remove and has failed to show by a preponderance of the evidence that the required jurisdictional minimum is met in this case.

## II.

"When considering a motion to remand, the Court must examine whether the case was properly removed to federal court." *Shawver v. Bradford Square Nursing, LLC*, No. 3:09-02-DCR, 2009 WL 971463, at *1 (W.D. Ky. Apr. 9, 2009) (citing *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999)). Where removal is based on diversity

jurisdiction—as here—the amount in controversy must exceed $75,000. 28 U.S.C. § 1332 (2012). The removing party must file within thirty days of receiving the initial complaint, unless it is unclear that the claims are worth $75,000. Then, defendants may remove within thirty days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (2012). Discovery responses are considered "other paper" under the relevant statute. 28 U.S.C. § 1446(c)(3)(A). The party seeking removal carries the burden of establishing diversity jurisdiction by a preponderance of the evidence. *See Broaddus v. Walmart Stores East, LP*, No. 3:13-CV-00932-H, 2013 WL 6511922, at *2 (W.D. Ky. Dec. 12, 2013); *Dunn v. Gordon Food Servs., Inc.*, No. 3:10-CV-00335-R, 2010 WL 4180503, at *2 (W.D. Ky. Oct. 20, 2010).

A.

This Court has often recognized the difficult position defendants sometimes face when deciding whether and when they may remove to federal court. *See, e.g., Egan v. Premier Scales & Sys.*, 237 F. Supp.2d 774 (W.D. Ky. 2002). Standard claims that it put off removal because it knew that the benefits Graves claimed were valued at less than $6,800, equal to the amount of monthly payments it had not made. Even contemplating punitive damages,[1] Standard argues that, from what it knew, it was reasonable to assume that Graves' suit fell far short of the $75,000 threshold. Standard defended itself in state court for over five months before it removed based on Graves' response to an interrogatory asserting her claims as $883,000 or more. Standard argues that her response was the first "solid and unambiguous information" that the case met the $75,000 threshold.

---

[1] The parties have mentioned, based on United States Supreme Court and Sixth Circuit precedent, punitive damages calculations of both 2:1 and 4:1. Either way, tacking punitive damages onto Graves' $6,800 lost benefits falls well short of $75,000—$13,000 at the low end and $27,200 the high.

3

This is a case which should suggest some appropriate flexibility for a removing party. Graves reminds the Court of advice it gave to defendants some five years ago: "when in doubt, remove." *Mozee v. Dugger*, 616 F.Supp.2d 672, 674 (W.D. Ky. 2009). That directive is sage advice. Although "when in doubt, remove" is indeed good advice that should appear in the heading of a defendants' best practices guide, it is not a rule of law. As this Court also said in *Mozee*, "the Court does not sanction any effort to determine whether a defendant should have or could have inquired more diligently into unknown facts. That is not required." *Id*. And as the Court noted last year, "the inquiry here is based on the *actual writings* provided to Defendant, not what extra research or investigation it might have done . . . . Otherwise, courts would be constantly required to assess the diligence of a defendant's discovery with[in] the first thirty days after a complaint. Clearly, that is not the standard. " *Broaddus*, 2013 WL 6511922, at *3 (citation omitted) (emphasis added).

The Court has sustained motions to remand, but this case is dissimilar. In *Mozee*, "the plaintiff had demanded a $200,000 settlement prior to filing suit and submitted a request for admission with his complaint asking the defendants to admit that he was entitled to $100,000 in pain and suffering." *Id*. at *2 (citing *Mozee*, F. Supp.2d at 674). In another case where the Court granted remand, "the plaintiff had notified the defendant pre-suit that he had unsuccessfully undergone back surgery, that his injury would probably impact his ability to work in the future, that a $45,000 expense for a port was anticipated, and that other expenses had been incurred and were expected." *Id*. (citing *Johnson v. Hartford Fire Ins. Co.*, No. 4:08-CV-74, 2008 WL 3850482 at *1 (W.D. Ky. Aug. 15, 2008)). In the cases where the Court sustained motions for remand, it did so because defendants had clear and adequate notice that the claims against them would eclipse the minimum jurisdictional requirement.

What Standard knew from actual writings Graves provided was that she had lost benefits payments totaling less than $6,800. She did request punitive damages, but even assuming a ratio of 4:1, her benefits claims fell short of the $75,000 threshold. Graves made other claims, but as usual under Kentucky pleading rules, her complaint did not quantify the damages sought. And simply asserting claims for breaching the duty of good faith, violating the Kentucky Consumer Protection Act, and seeking punitive damages for insurance claims worth $8,000—and asking for attorneys' fees as well—did not make it "more likely than not that the amount in controversy exceed[ed] $75,000." *See Sargent v. Monumental Life Ins. Co.*, No. 3:12-CV-000725-H, 2013 WL 321660 at *1 (Jan. 28, 2013).

In sum, Standard "could have made a case for removal at an earlier time, but it was not required to do so." *Id.* All the law requires is that Standard remove within thirty days of receiving information "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3) (2012). After careful consideration, the Court concludes that Standard did not have solid and unambiguous information permitting removal until it received Graves' $883,000 response in discovery.

B.

Paradoxically, Graves also thinks Standard has not competently demonstrated the amount in controversy. She cites case law from the Eastern District of Kentucky for the proposition that an initial "high-ball" number is insufficient to establish the jurisdictional amount where it did not previously exist. *See May v. Wal-Mart Stores, Inc.*, 751 F. Supp.2d 946, 949 (E.D. Ky. 2010). Therefore, she argues, her interrogatory response that she valued her claim at about $883,000 was insufficient to prove that it was more likely than not that this case was worth at least $75,000.

This is not a logically persuasive argument and is distinguishable from *May* for several reasons. Most obviously, in *May* the defendant "almost reflexively" removed the case to federal court—at a time when the "dearth of evidence" made it almost "impossible for the defendant to establish jurisdictional facts"—and then asked to conduct "jurisdictional discovery" to unearth facts needed to keep the case in federal court. *See id.* at 947. The Eastern District noted that defendants must be prepared "*at the moment of removal* to demonstrate by a preponderance of the evidence that federal jurisdiction exists," but that the defendant in that case was not so prepared. *Id*. (emphasis in original). In this case, however, Standard's removal was not reflexive. Indeed, it proceeded with discovery in state court. When it asked Graves to identify all damages she claimed in the lawsuit, she responded:

> My long term disability benefits. I believe this to be at least $71,925. The value of my car I had to sell. I'm uncertain right now as to its value. The value of my mortgage payments. The money lent to me by friends. The value of my claims in this lawsuit. I am working on obtaining a value on all of my claims, but I estimate the value to be at least $883,000.

DN 1, Page ID # 429. Graves wants to have it both ways: she wants the Court to conclude that Standard should have guessed from the very beginning—when she had not indicated how much her claims were worth—that the case was worth $75,000, yet wants the Court to also conclude that her saying the case was worth *eleven times that much* was not competent proof that the case was worth at least $75,000. If the Court adopted Graves' conceptions, the Court would force Standard into an unfair Catch-22. There is no doubt: after Graves' interrogatory response, Standard had plenty of information to support removal.

C.

Graves also seeks remand on the idea that Standard's state court litigation forfeited its right to remove. Graves' argument is part and parcel with her argument that Standard should

6

have removed earlier in the litigation. As she styles it, Standard gambled by litigating in state court and only sought removal when it became clear that Standard was, as gamblers say, "drawing dead" in state court. But because the Court disagrees that Standard had to remove at an earlier time, it also disagrees that Standard forfeited its right to remove just because it defended itself in state court until it became clear by a preponderance of the evidence that the case met the minimum jurisdictional threshold.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Linda Graves' motion to remand is DENIED.

cc: Counsel of Record