UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LINDA GRAVES,                                                          Plaintiff,

v.                                                  Civil Action No. 3:14-cv-558-DJH

STANDARD INSURANCE COMPANY,                                           Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Standard Insurance Company asserts that Michael D. Grabhorn, counsel for Plaintiff Linda Graves, engaged in "illicit witness tampering" in this matter. (*See* Docket No. 27-1, PageID # 754) It moved for sanctions and requested dismissal, among other relief. (D.N. 27) United States Magistrate Judge Dave Whalin issued a Report and Recommendation on the matter. (D.N. 54) He recommends that this Court sanction Grabhorn, but he encourages the Court to stop short of dismissal because Graves herself had no involvement in the alleged witness tampering. Graves objects to the Magistrate Judge's Report and Recommendation. (D.N. 57) After careful consideration, and in light of Grabhorn's actions, the Court will adopt the Report and Recommendation and sanction Grabhorn as described below.

## I.      FACTUAL BACKGROUND

Graves's objections to the Report and Recommendation do not substantively challenge the Magistrate Judge's factual findings. After reviewing the record, the Court adopts the factual account set forth in the Report and Recommendation. (*See* D.N. 54, PageID # 1132-34) The Court now recites only those facts necessary to understand this Memorandum Opinion.

Standard hired Dr. Richard Semble, an orthopedic surgeon practicing in New York, as a non-party witness to review Graves's medical records and give his professional medical opinion

1

as to whether Graves was unable to engage in "substantial gainful activity." (D.N. 54, PageID # 1131-32)  In January 2015, Graves subpoenaed all documents referring or relating to "Linda Graves" in Dr. Semble's custodial records.  (*Id.*, PageID # 1132)  About ten days later, Dr. Semble's records custodian faxed a letter to Grabhorn indicating that "to the best of [the custodian's] knowledge Linda Graves has never been seen in our facility, therefore no records are available." (*Id.*)

Grabhorn sent a second letter.  He explained that the subpoena covered all documents relating to Graves, not just documents from actual medical examinations.  (*Id.*, PageID # 1133)  After encouraging Dr. Semble to check his records again, Grabhorn warned Dr. Semble that "[a]ny medical opinion concerning Ms. Graves could only be provided by a physician licensed to practice in Kentucky," and requested that Dr. Semble also send proof of his admission to the Kentucky Board of Medical Licensure.  (*Id.*)  Then Grabhorn gave Dr. Semble an alternative: Grabhorn told Dr. Semble that "to avoid potential claims by Ms. Graves concerning the medical opinion attributed to you, please complete and return the enclosed declaration." (*Id.*)  The declaration Grabhorn referenced said that Dr. Semble was withdrawing his medical opinion and disavowing it as deserving "any consideration or weight." (*Id.*)

Dr. Semble did not respond, so Grabhorn called Dr. Semble's office and left a voicemail. (*Id.*)  One of Dr. Semble's employees returned the call.  (*Id.*, PageID # 1134)  The employee told Grabhorn that Dr. Semble would not retract his prior opinion.  (*Id.*)  Grabhorn told the employee that Dr. Semble should consult with legal counsel before doing anything else.  (*Id.*)  The employee said she would give Grabhorn's advice to Dr. Semble and ended the call.  (*Id.*)  Later that day, Standard filed this motion for sanctions.  (*Id.*)

2

The Magistrate Judge concluded that the primary question before him was whether Grabhorn's communication with "Dr. Semble was prohibited conduct or protected speech." (*Id.*, PageID # 1135)   He then considered whether either the First Amendment or the *Noerr-Pennington* doctrine protected Grabhorn's communications with Dr. Semble.  (*Id.*, PageID # 1138)  Judge Whalin focused especially on one fact: Grabhorn knew that two separate federal court opinions interpreting Kentucky law had rejected his assertion that out-of-state doctors who conducted records review to give disability opinions were engaging in the unlicensed practice of medicine in Kentucky.  (*Id.*, PageID # 1138)  Indeed, Grabhorn's claim—that it is a violation of KRS § 311.560 for a physician not licensed in Kentucky to render "an opinion about a disability claimant's residual functional capacity based upon a review of the claimant's medical records"— had been previously rejected on its merits in two different cases in which *Grabhorn was counsel of record*.  (*Id.*, PageID # 1146)  In one of those cases a different judge in this district specifically rejected the materials Grabhorn relies on for his argument here.  (*Id.*)  Judge Whalin found that neither the *Noerr-Pennington* doctrine nor the First Amendment to the U.S. Constitution protected Grabhorn's actions.  (*See, e.g., id.*, PageID # 1146-51)  And he resolved that Grabhorn had "acted with the subjective intent to improperly coerce Dr. Semble to withdraw his adverse opinions."  (*Id.*, PageID # 1151)   Because Grabhorn's client had no involvement in the misconduct, though, the Magistrate Judge thought it improper to dismiss her case.  (*Id.*, PageID # 1151-52)  Instead, he felt that Grabhorn should bear the cost of the transgression.  (*Id.*, PageID # 1152)

In her objections to the Magistrate Judge's Report and Recommendation, Graves paints her counsel's communications with Dr. Semble as mere "good faith reference[s] to her legal rights."  (D.N. 57, PageID # 1186)  She also emphasizes that Grabhorn gave Dr. Semble a

choice: comply with the subpoena or retract his medical opinion.  (*Id*., PageID # 1186-87)  The crux of her objection, though, is that the Report and Recommendation was "in error, both factually and legally," because the Magistrate Judge concluded that there was no good faith basis for Grabhorn's statements in the letter.  (*Id*., PageID # 1187)  She relies on four arguments.

First, she takes issue with the Magistrate Judge's reliance on two U.S. district court opinions.  (*See id*., PageID # 1187-88)  She notes that district court opinions are persuasive only, and she argues that because they are merely persuasive, she and her counsel should not be sanctioned for making arguments based on the express terms of a statute.  (*Id*.)  Second, she argues that federal court decisions applying Kentucky law are not binding interpretations.  (*Id*., PageID # 1188)  Third, Graves complains that the two opinions the Magistrate Judge relied on did not consider "the underlying factual elements," and she asserts—based on the express terms of the relevant statute and a 1997 opinion drafted by the Kentucky Board of Medical Licensure—that Kentucky law does require non-resident physicians to have Kentucky licensure before they can give record review-based medical opinions.  (*Id*., PageID # 1189-90)

Last, Graves disputes that her counsel "tampered" with a witness.  (*Id*., PageID # 1191)  Rather, she categorizes the communications as giving Dr. Semble the option of responding to the subpoena or retracting an unlicensed (and inadmissible) report, and she notes that Grabhorn encouraged Dr. Semble to seek legal counsel to "ensure he was properly advised and that he did not feel pressured."  (*Id*.)

## II.     STANDARD

When reviewing a Report and Recommendation, this Court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  On review, the Court "may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court "cannot simply 'concur' in the magistrate's findings, but it must conduct its own review in order to adopt the recommendations." *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005).

## III. DISCUSSION

None of Graves's four arguments convince the Court that Judge Whalin's Report and Recommendation is flawed. The record shows that Grabhorn's communications with Dr. Semble constituted thinly veiled threats designed to silence the adverse opinion of an opposing party's witness. Considering his prior use of these medical licensure arguments—and the repeated rejection of those arguments in this very district—Grabhorn's conduct is inexcusable. But because Graves played no role in this incident, Grabhorn's actions will not negatively affect her claims. The weight of the sanction should fall on him.

Graves's consternation over the Magistrate Judge's reliance on two district court opinions is misplaced. The two opinions at issue are *Hackney v. Lincoln National Life Insurance Co*., No. 3:12-cv-170-CRS, 2014 WL 2440691 (W.D. Ky. May 30, 2014) (Simpson, J.) and *Anderson v. Standard Insurance Co.*, No. 3:14-cv-51-H, 2014 WL 5366117 (W.D. Ky. Oct. 21, 2014) (Heyburn, J.). In each case, this Court held that KRS § 311.560 had not been violated because "the purpose of the insurer's investigation was limited: 'the unlicensed medical personnel who reviewed [the plaintiff's] medical records determined only that his condition did not prevent him from performing the necessary functions of his occupation.'" *Anderson*, 2014 WL 5366117, at *3 (quoting *Hackney*, 2014 WL 2440691, at *13-14). In other words, there was no unlicensed practice of medicine because "the opinions of the insurer's medical professionals would have no bearing on the ultimate medical decision or treatment." *Id*.

Graves complains that these opinions are not binding and asserts that she should not be sanctioned based on non-precedential cases. It is true that district court opinions are not binding on other district courts. But it is also true that these particular opinions are federal court interpretations of Kentucky law and are, on the basis of their reasoning and application, highly persuasive. And it flies in the face of common sense for an attorney, after being told twice in the same district—by two different judges—that his interpretation of a statute was incorrect, to claim that he had a good faith basis for threatening litigation against an opposing party's witness based on that same statutory interpretation. As each of Graves's objections really only addresses the propriety of relying on these opinions, no further analysis is needed. Grabhorn knowingly made comments and took actions designed to intimidate an opposing witness into backing down from his opinions. Grabhorn had no good faith reason to do so.[1] His tactics must be sanctioned.

## IV.    CONCLUSION

After de novo review of the substance behind Graves's objections to the Magistrate Judge's Report and Recommendation, the Court concludes that sanctions are necessary. Because only Grabhorn committed the tampering, however, the Court will not allow the sanction to harm Graves. Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of the Magistrate Judge (D.N. 54) is **ADOPTED**.

2. The Motion for Sanctions (D.N. 27) is **GRANTED**. Michael D. Grabhorn, attorney for Plaintiff Linda Graves, is hereby sanctioned and shall pay Defendant Standard Insurance's reasonable costs and fees attributable to the present motion and the events

---

[1] Even assuming for argument's sake that Grabhorn *did* have a good faith reason to challenge Dr. Semble on the basis that Dr. Semble is not licensed in Kentucky—which Grabhorn did not—then Grabhorn should have resolved his concerns through motion practice, not backdoor communications with an opposing party's witness.

leading up to the motion.  That amount will be determined following submission of the Bill of Costs described below.

3.   Within **fifteen (15)** days of the date of entry of this Memorandum Opinion and Order, Standard Insurance shall submit a Bill of Costs listing its reasonable costs and fees attributable to the Motion for Sanctions.

4.   After submission of the Bill of Costs, Linda Graves will have **thirty (30)** days to **RESPOND** to the Bill of Costs.

5.   The Motion to Strike (D.N. 59) is **DENIED** as moot.