UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LINDA GRAVES                                                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:14-cv-00558-CRS-DW

STANDARD INSURANCE COMPANY                                                              DEFENDANT

Memorandum Opinion

I.  Introduction

This matter is before the Court on the motion of Defendant Standard Insurance Company ("Standard") for attorney fees and costs pursuant to an order issued by Magistrate Judge Dave Whalin, ECF No. 112. For the reasons stated below, the Court will grant Standard's motion for attorney fees and will order Graves's counsel to personally pay Standard $3,726.00 in fees and costs.

II.  Background

On January 14, 2016, Graves's attorney, Michael Grabhorn, deposed Dr. Richard Semble in White Plains, New York. Or. 1, ECF No. 112. The deposition lasted approximately 15 minutes. *Id*. at 5. Attorney Grabhorn refused to address Dr. Semble with his professional title of "doctor" and instead referred to him throughout as "Mr. Semble" or "Richard Semble" over the doctor's protests. *Id*.

Standard's attorney, Jacqueline Herring, objected to what she perceived as harassment by Attorney Grabhorn. *Id*. She also, without agreement of counsel, and after the witness had been sworn and had begun to respond to questions under oath, left the deposition room with Dr. Semble, who, in exasperation and frustration over the manner in which the deposition was being conducted, removed his microphone spontaneously while proclaiming that the deposition was

1

over. *Id*. This occurred after Attorney Grabhorn, while insistently questioning the doctor about his preparedness for the deposition, offered to get the doctor a copy of Webster's Dictionary to define the word "prepare." *Id*.

In the video of the deposition, Dr. Semble can be heard outside the room angrily speaking to Attorney Herring. *Id*. at 6. Attorney Grabhorn can be heard apparently chortling at this unfortunate turn of events. *Id*. Attorney Herring then reentered the room to advise that the deposition was terminated due to the allegedly harassing and intimidating nature in which it had been conducted. *Id*.

In response to this deposition, Graves filed a motion to impose sanctions and to strike the testimony of Dr. Semble, ECF No. 93. Standard responded, ECF No. 94, and Graves replied, ECF No. 97. Standard filed its own motion for a protective order, ECF No. 94. Graves responded, ECF No. 98, and Standard replied, ECF No. 102.

The magistrate judge determined that "what occurred during the attempted deposition of Dr. Semble clearly crossed over the line and became vexatious." *Id*. at 17. Accordingly, the magistrate judge ordered that, under 28 U.S.C. § 1927, Attorney Grabhorn "pay the reasonable costs and attorney fees incurred by Standard in responding to the motion to strike, which was necessitated entirely by the vexatious conduct described above." *Id*. He ordered Standard to prepare and file its request for fees and costs within 14 days. *Id*. The magistrate judge provided Graves with 14 days to file "any response to challenge the reasonable and necessary nature of the fees and costs submitted by Standard after which the matter shall stand for consideration." *Id*.

Consistent with this order, Standard prepared and filed a request for attorney fees and costs. Attorney Fee Submission, ECF No. 113. Graves responded to Standard's request and opposed the bill of costs in its entirety. Resp. Opp. Bill of Costs 1, ECF No. 121.

III.    <u>Analysis</u>

Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Once it is determined that sanctions are warranted under § 1927, the district court must determine the amount. *Bailey v. Papa John's USA, Inc.*, 236 Fed. Appx. 200, 205 (6th Cir. 2007).

In any case involving attorney fees, "'[t]he primary concern . . . is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). To calculate a reasonable fee, district courts in the Sixth Circuit use the "lodestar" method. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). The lodestar method involves "multiplying the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "To arrive at a reasonably hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004).

The Court may then, within its discretion, "adjust the lodestar to reflect relevant considerations peculiar to the subject litigation." *Adcock-Ladd*, 179 F.3d at 349. Although not exclusive, the Court may consider twelve factors in determining whether an adjustment is necessary:

> (1) the time and labor involved; (2) the novelty and difficult of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the

3

>client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Perry v. Autozone Stores, Inc.*, 624 Fed. Appx. 370, 372 (6th Cir. 2015) (quoting *Johnson v. Georgia Highway Express, Inc.*, 388 F.2d 714, 717–19 (5th Cir. 1974)).

The party seeking attorney fees bears the burden of documenting its work. *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007). The fee applicant should provide evidence that supports the hours worked and rates claimed. *Hensley*, 461 U.S. at 433. If the documentation of hours is lacking, the "court may reduce the award accordingly." *Id*.

In this case, Standard requests $6,911.00 in attorney fees. Attorney Fee Submission, ECF No. 113. Turning to the first step of the lodestar method of calculating attorney fees—whether the time spent is reasonable—the attorney fees that Standard requests is based on 29.30 hours of work, 22 of which were performed by Attorney Herring, 3.10 were performed by an associate in Attorney Herring's law firm, and 4.20 were performed by a paralegal. Herring Aff. 8, ECF No. 113-1.

Graves argues that this time is excessive because the magistrate judge awarded Standard fees and costs only for the time spent responding to her motion to strike and for sanctions, and because Standard filed a joint motion for a protective order and response to her motion to strike and for sanctions. Resp. Opp. Bill of Costs 6–8, ECF No. 121. Although the magistrate judge ordered Attorney Grabhorn to "pay the reasonable costs and attorney fees incurred by Standard in responding to the motion to strike," Or. 17, ECF No. 112, Standard's motion for a protective order and its response to Graves's motion to strike and for sanctions are the same. See Mem. Supp. Protective Or. & Resp. Mot. Sanctions, ECF No. 94. Graves's argument is thus unavailing.

Regardless, however, the time that Standard spent on the motion is not reasonable. Given the complexity of Standard's response to Graves's motion to strike and for sanctions, the length of the motion, and the 15-minute length of the deposition upon which the motion is based, 29.30 hours is excessive. Instead, the Court will award fees based on 15.30 hours, 8.00 of which were performed by Attorney Herring, 3.10 hours were performed by an associate in Attorney Herring's law firm, and 4.20 hours were performed by the paralegal. The Court finds that 15.30 hours is a more reasonable amount of time under the circumstances of this case.

Concerning the second step of the lodestar method of calculating attorney fees, whether the rates claimed are reasonable, Attorney Herring's requested billing rate is $265.00 per hour, the associate's requested billing rate is $220.00 per hour, and the paralegal's requested billing rate is $95.00 per hour. Herring Aff. 1–2, ECF No. 113-1. These billing rates are consistent with billing rates awarded in the Western District of Kentucky in similar litigation. *See e.g., Thies v. Life Ins. Co. of N. Am.*, 839 F. Supp. 2d 886, 895–96 (W.D. Ky. 2012) (awarding Attorney Grabhorn in ERISA case attorney fees ranging from $275.00 to $350.00 per hour). Moreover, Graves does not dispute that these rates are reasonable in the Western District of Kentucky.

Overall, Standard will receive $3,201.00 in attorney fees. The breakdown of this amount is as follows. For the work of Attorney Herring, Standard will receive $265.00 per hour for the 8 hours of work she performed, or $2,120.00. For the work of the associate in Attorney Herring's law firm, Standard will receive $220.00 per hour for the 3.10 hours of work she performed, or $682.00. For the work of the paralegal in Attorney Herring's law firm, Standard will receive $95.00 per hour for the 4.20 hours of work he performed, or $399.00.

Standard also requests $525.00, the cost of the video recording of Dr. Semble. Attorney Fee Submission, ECF No. 113. Graves argues that Standard is not entitled to the costs for its

videographer. Resp. Opp. Bill of Costs 9, ECF No. 121. Graves asserts that she stated in her deposition notice that the deposition would be "conducted by audio and stenographic means and [might] be visually recorded." *Id*. Because Standard chose to use visually record the deposition, Graves insists that Standard should pay for the video recording. *Id*.

The magistrate judge already ordered that Graves's counsel pay for the audio visual recording of the deposition. Or. 12, ECF No. 112. Moreover, Graves recognized and accepted that the deposition could be conducted by visual means when she included in her deposition notice that the deposition "[might] be visually recorded." Therefore, Graves shall pay the $525.00 cost of the audio visual recording of the deposition.

In total, Graves's counsel will pay $3,726.00 in fees and costs.

IV. Conclusion

The Court will grant Standard's motion for attorney fees. The Court will require Graves's counsel to personally pay Standard $3,726.00 in fees and costs. An order will be issued in accordance with this memorandum opinion.

November 17, 2016

Charles R. Simpson III, Senior Judge
United States District Court

6